** THIS OPINION INCLUDED OPINION NO. 93-582 (1993) WITH THIS COPY **
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT MEMORANDUM IN WHICH YOU ASKED THE FOLLOWING QUESTION:
 ARE THE ELECTED OFFICERS OF COUNTY GOVERNMENT ENTITLED TO SALARY INCREASES AS AUTHORIZED BY THE 1993 AMENDMENT TO 19 O.S. 180.63
THIS QUESTION HAS BEEN ADDRESSED PREVIOUSLY IN AN INFORMAL OPINION WHICH I DID IN AUGUST, 1993, A COPY OF WHICH IS ENCLOSED FOR YOUR REVIEW.
SUBSEQUENT TO THE INFORMAL OPINION, THE DISTRICT COURT IN CHEROKEE COUNTY, IN CASE NO. C-93-819, RULED THAT THE COUNTY OFFICERS THERE WERE ENTITLED TO RECEIVE A PAY INCREASE. THE COURT'S RULING DOES NOT SET FORTH THE FACTS OR PROVIDE THE LEGAL ANALYSIS FOR ITS CONCLUSION. THAT DECISION IS BINDING ONLY UPON THE PARTIES TO THAT ACTION.
WHETHER ANY PARTICULAR COUNTY OFFICERS CAN RECEIVE AN INCREASE IS DEPENDENT UPON THE FACTS OF THEIR PARTICULAR SITUATION. AN OPINION FROM THIS OFFICE, EVEN AN OFFICIAL OPINION, ON THE CONSTITUTIONALITY OF THE APPLICATION OF ANY STATUTE IS ADVISORY ONLY. THE FINAL CONSTRUCTION OF A STATUTE RESTS WITH THE COURTS. YORK V. TURPEN, 681 P.2D 763. AT THIS TIME, SO FAR AS I KNOW, THE ONLY COURT THAT HAS RULED ON THIS STATUTE AS AMENDED IS THE COURT IN CHEROKEE COUNTY.
THEREFORE, EACH COUNTY MUST SEEK ADVICE FROM ITS DISTRICT ATTORNEY OR A RULING FROM THE COURTS. I HOPE THIS INFORMATION HAS BEEN HELPFUL TO YOU. PLEASE CONTACT ME IF I CAN BE OF FURTHER ASSISTANCE.
(GAY ABSTON TUDOR)
CITE: ARTICLE XXIII, SECTION 19/19 O.S. 180.62